MORGAN, LEWIS & BOCKIUS LLP
Catherine North Hounfodji, Bar No. 027389
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel:   +1.713.890.5000
Fax:   +1.713.890.5001
catherine.hounfodji@morganlewis.com

Attorney for Defendant Lands' End, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Spector, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Lands' End, Inc.,<br><br>Defendant. | Case No. _____<br><br>NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA<br><br>[28 U.S.C. §§ 1332, 1453; Class Action Fairness Act Removal]<br><br>Date of Filing of Removed Action: October 11, 2024 (in Arizona Superior Court, Case No. CV2024-024984) |

In accordance with 28 U.S.C. §§ 1332(d) and 1453(b), Defendant Lands' End ("Lands' End") hereby remove *Spector v. Lands' End, Inc.*, No. CV2024-024984, previously filed in the Superior Court of the State of Arizona in and for the County of Maricopa, to the United States District Court for the District of Arizona. A true and correct copy of the operative pleading is attached hereto as **Exhibit A** and cited herein as "Compl." The grounds for removal are as follows:

## **INTRODUCTION**

1.  Lands' End is a clothing company that markets and sells its products in stores and online throughout the United States, including Arizona.

///

///

2. In this action, Plaintiff Karen Spector ("Plaintiff") alleges that Lands' End collected Plaintiff's data without her consent through the use of "spy pixels." Compl. ¶¶ 9-10, 38-43.

3. Plaintiff seeks to represent a class of "[a]ll persons within Arizona who have opened a marketing email containing a tracking pixel from" Lands' End." Compl. ¶ 44.

4. Accordingly, and as more fully explained below, the allegations contained in Plaintiff's Complaint satisfies the Class Action Fairness Act ("CAFA") removal requirements, permitting Lands' End to remove the entire action under 28 U.S.C. §§ 1332(d) and 1453(b).

## BACKGROUND

5. On September 10, 2024, Plaintiff filed a Complaint in the Superior Court of the State of Arizona, in and for the County of Maricopa.

6. Lands' End was served through its registered agent on September 13, 2024.

7. Plaintiff alleges Lands' End violated Arizona's Telephone, Utility and Communication Service Records Act, A.R.S. § 44-1376.01, by embedding "spy pixels in its marketing emails sent to Plaintiff and Class members." Compl. ¶ 53.

8. Plaintiff further alleges Lands' End violated A.R.S. § 44-1376.01 "[e]ach time [Lands' End] sent an email containing a spy pixel." Compl. ¶ 59.

9. Plaintiff seeks recovery of $1,000 for each violation, reasonable attorneys' fees, and other litigation costs. Compl. ¶ 61.

## VENUE

10. Venue is proper in this Court under 28 U.S.C. § 1442(a) because this Court sits in the federal judicial district embracing the Superior Court of the State of Arizona, in and for the County of Maricopa, the court from which removal is sought. *See* 28 U.S.C. § 98(b).

## GROUNDS FOR CAFA REMOVAL

11. This Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and

(c) the amount in controversy exceeds $5 million. No exception to CAFA jurisdiction applies.

### A. The Putative Class Includes more than 100 members.

12. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll persons within Arizona who have opened a marketing email containing a tracking pixel from" Lands' End. Compl. ¶ 44.

13. Plaintiff alleges that, "[o]n information and belief, members of the Class number in the hundreds of thousands." Compl. ¶ 46. Solely for purposes of removal, and without conceding that Plaintiff or the class is entitled to any relief, Lands' End assumes Plaintiff's allegation that the proposed class includes "hundreds of thousands" of members is true.

### B. Minimal Diversity Exists Among Parties.

14. There is minimal diversity of citizenship among parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. Plaintiff is a resident and citizen of Arizona. Compl. ¶ 7.

16. Lands' End is a Delaware corporation with its principal place of business in Dodgeville, Wisconsin. Compl. ¶ 11. A corporation is "a citizen of every [s]tate…by which it has been incorporated and of the [s]tate…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Lands' End is a citizen of Delaware and Wisconsin for diversity purposes.

17. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount in Controversy Exceeds $5 million.

18. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

19. To demonstrate that the amount in controversy requirement is met, Lands' End needs "to plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020). A good-faith estimate of amount in controversy is sufficient for removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

20. Lands' End denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class is entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

21. Plaintiff alleges there are "hundreds of thousands" of putative class members and that Lands' End violated A.R.S. § 44-1376.01 each time it sent an email containing a tracking pixel to Plaintiff and putative class members. Compl. ¶¶ 46, 59. Plaintiff seeks $1,000 for each violation, reasonable attorneys' fees, and other litigation costs. Compl. ¶ 61. Based solely on the allegations contained in the Complaint (which Lands' End denies), and assuming an aggregate class size of 10,000 (far less than the class size of "hundreds of thousands" alleged in the Complaint, Compl. ¶ 46), if each class member is entitled to recover $1,000, recovery of greater than $5 million is legally possible (*i.e.*, 10,000 members x $1,000 = $10 million).[1]

## SUPPLEMENTAL JURISDICTION

22. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all other claims in this action because they form part of the same case or controversy under Article III of the United States Constitution.

## PROCEDURAL STATEMENTS

23. **Intradistrict Assignment**. Removal of this action to this District Court, is proper under 28 U.S.C. § 1446(a) because the action is pending in the Superior Court of Arizona in Maricopa County.

---

[1] Lands' End includes this amount in controversy based solely on Plaintiff's allegations contained in the Complaint and does not concede Plaintiff's allegations are correct. Lands' End also does not concede that Plaintiff's putative class is certifiable or that class members can recover for each email received.

24. **Removal Is Timely.** This Notice of Removal is timely because it is filed within 30 days of service of the Complaint on Lands' End. 28 U.S.C. § 1446(b)(3). Lands' End accepted service on September 13, 2024.

25. **Consent Is Not Required.** Lands' End is the only named defendant in this matter, and therefore consent is not required under 28 U.S.C. § 1441(c)(2).

26. **State Court Record.** Pursuant to LRCiv 3.6(b), copies of all pleadings and other documents that were previously filed with the state court are attached to this Notice of Removal. This record includes all pleadings, process, and orders served upon Lands' End as required by 28 U.S.C. §1446(a). The Supplemental Civil Cover Sheet is attached hereto as **Exhibit B.** A copy of the most recent state court docket is attached hereto as **Exhibit C.** As discussed above, the operative complaint is attached hereto as **Exhibit A.** Lands' End attaches as **Exhibit D** the Proof of Service and Certificate of Service filed with the state court. The state docket does not include any answers, state court orders terminating or dismissing parties, notices of appearance, pending motions, response, and replies. The remainder of the state court record is attached hereto as **Exhibit E**. Attached as **Exhibit F** is a verification by counsel that true and complete copies of all pleadings and other documents filed in the state court proceeding have been filed.

27. **Filing in State Court Action and Service on Plaintiff**. A true and correct copy of this Notice of Removal has been filed with the Clerk of the Superior Court of Arizona in Maricopa County, as required by 28 U.S.C. §1446(d) and LRCiv 3.6. Counsel for Lands' End also certifies, pursuant to Local Rule 3.6(b), that copies of this Notice of Removal, including true and correct copies of the exhibits hereto, will be served promptly upon Plaintiff.

28. A completed Federal Civil Cover Sheet and Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction accompanies this Notice of Removal.

29. By filing this Notice of Removal, Lands' End does not waive any defense that may be available.

WHEREFORE, Lands' End removes the original action brought by Plaintiff now pending in the Superior Court of Arizona in Maricopa County from that state court to this Court.

Dated: October 11, 2024

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By /s/ *Catherine N. Hounfodji*
Catherine N. Hounfodji
SBN 027389
catherine.hounfodji@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel:  +1.713.890.5000
Fax:  +1.713.890.5001

*Attorney for Defendant Lands' End, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. A courtesy copy of the filing is also being sent via email to all counsel of record.

*/s/ Catherine N. Hounfodji*
Catherine N. Hounfodji
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4500
Houston, Texas 77002
Tel: +1.712.890.5000
Fax: +1.712.890.5001
catherine.hounfodji@morganlewis.com